**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAVID WILSON, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:23-cv-00145-MTT-CHW** |
| **WARDEN TAMARSHE SMITH,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ORDER & RECOMMENDATION**

Plaintiff Michael David Wilson, Jr., a prisoner in Macon State Prison in Oglethorpe, Georgia, filed a *pro se* complaint.   Compl., ECF No. 1.   He also filed a motion for leave to proceed in this action *in forma pauperis*.   Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.   Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee of $60.37.   Order, ECF No. 5.   Plaintiff has now paid the initial partial filing fee, and thus, his complaint is ripe for preliminary review.

On that review, Plaintiff will be permitted to proceed for further factual development on a retaliation claim against CERT Team Members Brown, Williams, and Joseph Grantham.   It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim as set forth below.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review.   *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner

cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).   When performing this review, the court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."   *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the

United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

In his complaint, Plaintiff asserts that at some uncertain time he filed a grievance against Sergeant White for stealing Plaintiff's food, and Plaintiff's family became involved in that situation. Compl. 6, ECF No. 1. After unsuccessfully trying to contact Warden Tamarshe Smith, Plaintiff's family contacted Regional Director Mrs. Toole. *Id.* Upon learning that they had done so, Smith came to Plaintiff's dorm and angrily questioned Plaintiff about why his family was calling Mrs. Toole and why Plaintiff was bothering his family about a "nothing incident." *Id.* Plaintiff told Smith that someone stealing from his meant something to him and that now he had to worry about both inmates and officers stealing from him. *Id.* at 7.

Thereafter, on December 31, 2021, CERT Team Members Brown, Williams, and Joseph Grantham came to Plaintiff's cell. *Id.* at 5. After asking for Plaintiff's name, they ordered Plaintiff out of his cell and body searched him. *Id.* They then searched Plaintiff's cell. *Id.* When they left, Brown, Williams, and Grantham took Plaintiff's tablet. *Id.* at 6. Plaintiff asked for his tablet or for a property sheet, and the three officers taunted him, saying, "write it up like you wrote Sgt. White up." *Id.*

III.   Plaintiff's Claims

A.   Due Process

Plaintiff's allegations implicate a potential claim for denial of due process insofar as his tablet was taken from him. To state a claim for denial of due process, a plaintiff must allege that

he was deprived of life, liberty, or property without due process of law.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law").   The Due Process Clause of the Fourteenth Amendment is not offended when a government official deprives an individual of his personal property if the state makes available a meaningful post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

The State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property through a state court action, which covers the unauthorized seizure of personal property.  *See* O.C.G.A. §§ 51-10-1 through 51-10-6; *see also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (finding no due process violation for the retention of the plaintiffs' cash by the police because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1).   Therefore, Plaintiff's allegations do not state a due process claim, it is **RECOMMENDED** that any such claim be **DISMISSED WITHOUT PREJUDICE**.

  B.    Retaliation

Plaintiff's allegations also suggest a possible retaliation claim.  "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).   Thus, a prisoner litigant may state a claim for retaliation by alleging that (1) he engaged in constitutionally protected speech, (2) he suffered an adverse action likely to "deter a person of ordinary firmness from engaging in such speech," and (3) there was a causal relationship between the speech and the retaliatory action.  *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

The Complaint alleges facts to show that Plaintiff engaged in protected speech when he filed the grievance against Sergeant White.   It further alleges that CERT Team Members

Williams, Brown, and Joseph Grantham took Plaintiff's tablet, which could potentially be considered a qualifying adverse action.   When they took Plaintiff's tablet, these defendants referred to Plaintiff's grievance against White, suggesting that there may have been a causal connection between Plaintiff's grievance and the adverse action.   Because these allegations are sufficient to set forth a claim of retaliation, Plaintiff will be permitted to proceed for further factual development on a retaliation claim against Defendants Grantham, Brown, and Williams.

C.      Sergeant White and Warden Smith

Plaintiff also includes Sergeant Jaylin White and Warden Tamarshe Smith as defendants in this action, but Plaintiff does not allege any facts with regard to White's involvement in taking his tablet.   Although Plaintiff initially filed the grievance against White, Plaintiff does not allege facts showing that White was actually involved in taking his tablet.   Thus, Plaintiff does not state a claim against White based on the taking of his tablet.

To the extent that Plaintiff may have named White based on his contention that White was stealing Plaintiff's food, any due process claim in this regard fails for the same reason that Plaintiff did not state a due process claim with regard to the taking of his tablet.   Plaintiff does not include any other allegations regarding White taking his food, such as how many times such thefts occurred, to establish that the thefts violated his constitutional rights in any other way.   Thus, Plaintiff's allegations do not otherwise state a claim against White.

Similarly, Plaintiff's only allegation as to Smith is that Smith came to Plaintiff's cell after Plaintiff had gotten his family involved with the complaints that White had taken Plaintiff's food. Smith suggested that the matter was unimportant, but Plaintiff's allegations do not show that Smith violated Plaintiff's constitutional rights in any way on this occasion.   Plaintiff's allegations do not show that Smith was involved in taking Plaintiff's tablet or that he knew that the CERT Team

Members were going to take the tablet.  Thus, Plaintiff's allegations do not show that Smith personally participated in the purported violation of Plaintiff's rights.

To the extent that Plaintiff may be seeking relief against Smith based on his supervisory position, Plaintiff has not alleged facts showing a causal connection between Smith and the events underlying his claim.  *See H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). Accordingly, Plaintiff's allegations do not state a claim against Smith based on his supervisory position.   Under these circumstances, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to Sergeant White and Warden Smith.

IV.    Conclusion

For the reasons set forth above, Plaintiff will be permitted to proceed for further factual development on a retaliation claim against Defendants Joseph Grantham, Brown, and Williams. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANTS JOSEPH GRANTHAM, BROWN, and WILLIAMS,** and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions,

pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.

The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 7th day of July, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge